UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

_____

KENICKIE A. WATERMAN,

                Plaintiff,

v.                                                    Civil Action No._____

CAINE & WEINER COMPANY, L.L.C.

                Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. Plaintiff, Kenickie Waterman, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter referred to as "FDCPA") for a finding that Defendant's debt collection efforts violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA.

### II.  JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff is a natural person residing in the county of Chautauqua and State of New York and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

5. Defendant, Caine & Weiner Company ("C&W"), is a New York State foreign limited liability company, and is a debt collector as defined by 15 U.S.C. § 1692a(6). The Minnesota Department of Commerce indicates a business location address of 1699 E Woodfield RD, Suite 360, Schaumburg, Illinois 60173.

6. The acts of the Defendant alleged in this Complaint were performed by its employees acting within the scope of actual or apparent authority.

7. All references to "Defendant" or "C&W" shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff incurred a financial obligation to John Deere Financial in connection with the origination consumer credit for personal, family, or household purposes; the associated debt is, therefore, a "debt" as that term is defined by 15. U.S.C. § 1692a(5).

9. Subsequent to the origination of the subject debt, a payment default occurred.

10. In August of 2011, the Plaintiff surrendered a lawnmower and chainsaw that he had financed because he got hurt at work, received workers compensation, and was ultimately laid off.

11. Presumably, the surrendered collateral was auctioned off, and the deficiency balance was put into collections.

12. The debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff subsequent to the account entering a default status.

13. In early 2012, the Defendant began collection efforts against the Plaintiff.

14. On one occasion, the Defendant's collector asked the Plaintiff how he was able to afford his other bills, but not make payment on the collection account.  This language is abusive.

15. On another occasion, the Defendant's collector told the Plaintiff the collector would recommend to its client to take "any means necessary."  This language is materially threatening, deceptive, and misleading.  The language is a threat and implication to take action that is not intended to be taken.

16. On or about August 17, 2012, the Defendant's collector threatened the Plaintiff's wife with an attachment of Plaintiff's assets.  This was a representation that nonpayment of a debt will result in seizure, garnishment, or attachment when such action would not have been lawful, or intended.

17. Attachment is a legal provisional remedy; a way for a creditor to obtain security while it seeks a judgment.

18. There was no lawsuit, however, filed against the Plaintiff in connection with the subject debt.  Plaintiff has not been served with any legal process, a LexisNexis search indicates no pending lawsuits, and the NYS E Courts website indicates no pending lawsuits.  Accordingly, any reference to an attachment was a false threat, and nothing more than a collection tactic utilized to scare, threaten, intimidate, and mislead the Plaintiff.

19. A threat to take any action that cannot legally be taken is a violation of the FDCPA.

20. As a result of ACT's FDCPA violations, the Plaintiff has suffered damages.

21. Each of the aforementioned FDCPA violations occurred within one year of the date of this complaint.

## V.CAUSE OF ACTION

22. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 21 above.

23. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    a. Defendant violated 15 U.S.C §§ 1692e, 1692e(4), 1692e(5), by using materially false, deceptive, and misleading representations in connection with the collection of a debt. Defendant made representations and implications that property would be attached when no legal right of attachment existed. Defendant threatened legal action when it did not intend to take such action.

    b. Defendant violated 15 U.S.C. § 1692d(2) by using abusive language in connection with the collection of a debt.

    WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Damages pursuant to 15 U.S.C. § 1692k;

(b) Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(c) For such other and further relief as may be just and proper.

## V.  JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  November 15, 2012

                                          s/Brad J. Davidzik_____
Brad J. Davidzik, Esq.
Jeffrey Freedman Attorneys at Law
Attorneys for Plaintiff
424 Main Street, Suite 622
Buffalo, New York 14202
(716) 856-7091
Email: bdavidzik@jeffreyfreedman.com